**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.

| | |
|---|---|
| FREEDOM WATCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES INC., APPLE INC., and GOOGLE LLC,<br><br>    Defendants.<br>_____/ | Removed From:<br>Circuit Court of the Fifteenth<br>Judicial Circuit in and for<br>Palm Beach County, Florida<br><br>Case No.: 50-2021-CA-000884 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon Web Services Inc., ("AWS") files this Notice of Removal ("Notice"), with the consent of Defendants Apple Inc. ("Apple"), and Google LLC ("Google") (collectively, "Defendants"), and removes this action from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Removal is based on diversity jurisdiction because complete diversity exists between Plaintiff Freedom Watch, Inc. ("Freedom Watch"), on the one hand, and Defendants on the other, and the amount in controversy exceeds $75,000.00. As required by 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process, pleadings, and orders served on Defendants—are set forth below and attached as exhibits hereto.

### Background

1. Plaintiff Freedom Watch instituted this action in the Fifteenth Judicial Circuit Court in and for Palm Beach County on January 24, 2021, asserting claims against Defendants for intentional interference with its business relationships and contracts, arising out of each Defendant's independent election under its contractual rights with third-party social media

platform Parler LLC ("Parler") to suspend providing services to Parler. Attached as **Exhibit 1** is a true and correct copy of the complaint in this action (the "Complaint").

2. Parler itself already sought a preliminary injunction against Defendant AWS based on the same suspension, unsuccessfully demanding that the Western District of Washington force AWS to resume providing services. Attached as **Exhibit 2** is a true and correct copy of the Western District of Washington's Order on Parler's Motion for Injunctive Relief (the "Parler Order").[1] In response to AWS's evidence showing that the social media platform breached its agreement by failing to moderate users' posts calling for violence, especially in the lead up to the January 6 insurrection, *see* Parler Order at 3–4, the Court found that Parler was unlikely to succeed on its own claims because it "has not denied that … [it] was in violation of [its] Agreement" with AWS, *id.* at 9, and had "failed to demonstrate the likelihood that AWS breached the [Customer Services Agreement]" because "the evidence at this point suggests that AWS's termination … was in response to Parler's material breach," *id.* at 10.

3. In this lawsuit, Freedom Watch now asserts that Defendants are liable based on its inability to access the Parler platform, and it is therefore entitled to "compensatory damages in excess of $15,000.00 but less than $75,000.00 exclusive of costs, interest, and attorney's fees," Compl. ¶ 1, multiple forms of injunctive and declaratory relief—including the same type denied by the Western District of Washington, *see id.* at 35—and punitive damages, *id.*

4. Based on the allegations in the Complaint and the attached exhibits, AWS affirms that removal is proper for the following reasons:

---

[1] In reviewing the propriety of removal, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

**Removal Is Timely**

5. Defendant AWS was served with a copy of the summons and Complaint on February 16, 2021. Attached as **Exhibit 1** is a true and correct copy of the summons served on AWS.

6. Defendant Apple was served with a copy of the summons and Complaint on February 18, 2021. Attached as **Exhibit 3** is a true and correct copy of the summons served on Apple.

7. Defendant Google was served with a copy of the summons and Complaint on February 16, 2021. Attached as **Exhibit 4** is a true and correct copy of the summons served on Google.

8. Under 28 U.S.C. § 1446(b) and Eleventh Circuit case law, Defendants timely removed Plaintiff's state court claims within 30 days of service. *See Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 399 (11th Cir. 2020) ("[t]he 30-day time period under § 1446(b) 'is triggered by simultaneous service of the summons and complaint'") (quoting *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008)).

**Subject Matter Jurisdiction**

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In addition, removal to this Court is proper because the state court matter is proceeding in Palm Beach County, located in this judicial district. 28 U.S.C. § 1441(a).

### A. Amount in Controversy

10. The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied because "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).[2] Plaintiff asserts that Defendants are liable for multiple compounding theories of damages, which far exceed $75,000, and therefore meet the amount in controversy requirement for this Court's jurisdiction set out in 28 U.S.C. § 1332(a).

11. In its Complaint, Plaintiff claims it is entitled to (1) "actual and compensatory damages in an amount greater than $15,000.00 but less than $75,000.00," (2) "preliminary and permanent injunctive relief against Defendant AWS (i) requiring that AWS restore its web hosting services to PARLER … and (ii) precluding a repetition of the irreparable harm," (3) "preliminary and permanent injunctive relief against Defendants GOOGLE and APPLE requiring them to promptly restore the PARLER app to GOOGLE's Play store and APPLE's App Store, respectively," and (4) "an award of punitive damages in an amount to be determined at the appropriate time." Compl. at 34–35.

12. On its face, therefore, Freedom Watch's Complaint admits that its actual and compensatory damages *alone* could be as much as $74,999. But "[i]n determining the amount in controversy, the Court must take into account not only compensatory damages claimed, but punitive damages as well." *Callander v. Bellsouth Advert. & Publ'g Corp.*, 2007 WL 9701011, at *1 (S.D. Fla. Feb. 8, 2007) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531,

---

[2] *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

1535 (11th Cir. 1987)). When combined with any amount of potential punitive damages against the three defendants, Plaintiff has implicitly pleaded an amount in controversy that is above the requirement. *Cf. id.* (denying motion to remand because "[w]hile Plaintiffs state in their Complaint that the amount in controversy is less than $75,000 per claim, a review of the factual allegations and claims therein indicates otherwise" as "Plaintiffs specify in their Complaint that they are seeking punitive damages").

13. Plaintiff additionally seeks multiple forms of declaratory and injunctive relief as to all Defendants, purportedly claiming an equitable right to force Defendants to resume their prior business contracts with Parler in perpetuity. Valued from Plaintiff's perspective, *see S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014), the Complaint also shows that the relief of having Parler's services reinstated by Defendants would also include significant monetary value—in addition to the possible $74,999 in actual and compensatory damages recovery.

14. According to Plaintiff's Complaint, reinstating Parler's social media platform on Defendants' services would apparently restore Freedom Watch's (1) "access to and ability to communicate with existing and potential new PARLER users," Compl. ¶ 60, (2) "participation in vital public debate relating to current events," *id.*, (3) "dissemination of its message to concerned American citizens and others around the world," *id.*, and (4) ability to solicit "fundraising necessary to support [its] effective and robust delivery of its message," *id.*, and (5) would frustrate the ability of "competing social networking platforms such as TWITTER and Facebook to charge and maintain supracompetitive prices for advertising on their platforms," which "injures FREEDOM WATCH as an advertising purchaser on social media sites," *id.* ¶ 61. Thus, based on Freedom Watch's own claim that it "depends on free access to the public square as a

means for" accomplishing those goals, *see id.* ¶ 5, and its claim that "money damages for this cause of action … will be insufficient to make FREEDOM WATCH whole," *see id.* ¶¶ 62, 70, 79, 87, 96, 104, the Court may reasonably deduce that the value of declaratory and injunctive relief to Plaintiff also extends the amount in controversy past $75,000.[3]

15. Furthermore, because Plaintiff has already valued its past compensable harms to be as much as $74,999—based solely on a few weeks' disturbance to its Parler access—the additional value to Plaintiff of a *permanent* injunction against all Defendants must also well exceed the necessary amount in controversy. *See, e.g.*, *Rad Source Techs., Inc. v. MDS (Canada), Inc.*, 2009 WL 4594403, at *2 (S.D. Fla. Dec. 1, 2009) (finding the amount in controversy to be "far in excess of $75,000" given the requested injunctive relief, "[d]espite Plaintiff's bare assertion that the value of its rights to be protected is less than $75,000"). Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

**B.  Diversity**

16. Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) because Freedom Watch and Defendants are citizens of different U.S. states. According to public records, Freedom Watch is incorporated in the District of Columbia, where it also has its principal place of business.[4] Attached as **Exhibit 5** is a true and correct copy of Freedom Watch's District of Columbia corporate registration page from March 8, 2021.

---

[3] *See Roe*, 613 F.3d at 1061–62 ("a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount'") (quoting *Pretka*, 608 F.3d at 754, 770).

[4] The Court may take judicial notice of official state registries for purposes of determining the state of incorporation or principal place of business. *See, e.g.*, *Mukamal v. Bakes*, 383 B.R. 798, 818 n.21 (S.D. Fla. 2007); *Henkle v. Cumberland Farms, Inc.*, 2017 WL 5634947, at *3 n.10 (S.D. Fla. June 15, 2017); *Sziranyi v. Allan R. Dunn, M.D., P.A.*, 2009 WL 6613675, at *2 n.2 (S.D. Fla. Sept. 30, 2009), *aff'd*, 383 F. App'x 884 (11th Cir. 2010). Separately, in its Complaint, Freedom Watch alleges that it "has a place of business in … Boca Raton, Florida[.]"

17. By contrast, Freedom Watch alleges that AWS "is a Delaware corporation with its principal place of business in Seattle, Washington," Compl. ¶ 6, Apple "is a Delaware corporation with its principal place of business in Cupertino, California," *id.* ¶ 8, and Google "is a Delaware limited liability company with its principal place of business in Mountain View, California," *id.* ¶ 11, whose sole member is XXVI Holdings, Inc., a Delaware corporation with the same principal place of business. Accordingly, 28 U.S.C. § 1332(a)(1)'s requirement for diversity jurisdiction is satisfied because this action is between parties from different U.S. states.

## Notice

18. As required by 28 U.S.C. § 1446(d), AWS is providing written notice of the filing of this Notice of Removal to Freedom Watch, through its attorneys, and will also be filing a Notice of Filing a Notice of Removal with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the action is currently pending. A true and correct copy of the Notice of Filing a Notice of Removal is attached as **Exhibit 6**.

## No Waiver

19. Defendants have additional defenses to this action and do not waive any defenses.

## Conclusion

This Court has subject-matter jurisdiction in this action because (i) complete diversity of citizenship exists between the parties; and (ii) more than the $75,000.00 jurisdictional threshold is at issue. Accordingly, Defendant AWS, desiring to remove this case to the United States District Court for the Southern District of Florida with the consent of all Defendants, requests

---

Compl. ¶ 3. Even if this were Freedom Watch's *principal* place of business, however, diversity of citizenship would still exist because Freedom Watch would still be diverse from every Defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing a Notice of Removal with the Clerk of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida shall effect the removal of this case.

Dated: March 8, 2021

Respectfully submitted,

s/Brian W. Toth
GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth
Florida Bar No. 57708
Natalia B. McGinn
Florida Bar No. 1011385
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com

Alonzo Wickers IV*
Cydney Swofford Freeman*
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: 213-633-6800
alonzowickers@dwt.com
cydneyfreeman@dwt.com

Ambika Kumar Doran*
Caesar Kalinowski IV*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
ambikadoran@dwt.com
caesarkalinowski@dwt.com
*Pro hac vice forthcoming
Counsel for Defendant Amazon Web Services, Inc.