UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-80515-DMM

| | |
|---|---|
| FREEDOM WATCH, INC., ) | |
| ) | [Removed From: |
| Plaintiff, ) | Circuit Court of the Fifteenth Judicial |
| ) | Circuit in and for Palm Beach County, |
| - against - ) | Florida |
| ) | |
| AMAZON WEB SERVICES INC., APPLE ) | Case No.: 50-2021-CA-000884] |
| INC., and GOOGLE LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**OPPOSITION OF DEFENDANT AMAZON WEB SERVICES, INC. TO PLAINTIFF'S MOTION TO REMAND**

GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth (Florida Bar No. 57708)
Natalia B. McGinn (Florida Bar No. 1011385)
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: 305-728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman (*pro hac vice*)
Meenakshi Krishnan (*pro hac vice*)
1301 K Street, N.W., Suite 500 East
Washington, DC 20005
Telephone: 202-973-4200

Alonzo Wickers IV (*pro hac vice*)
Cydney Swofford Freeman (*pro hac vice*)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: 213-633-6800

Ambika Kumar Doran (*pro hac vice*)
Caesar Kalinowski IV (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-622-3150

*Counsel for Defendant Amazon Web Services, Inc.*

## TABLE OF CONTENTS

**Page #**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 2

    A. On Their Face, the Complaint's Allegations Support Federal Jurisdiction. ............ 3

    B. The FAC, Too, Establishes Federal Jurisdiction. ..................................................... 6

IV. CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Callander v. Bellsouth Advert. & Publ'g Corp.*,
2007 WL 9701011 (S.D. Fla. Feb. 8, 2007) .......................................................................... 4, 5

*Castilla v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
2012 WL 1409648 (S.D. Fla. Apr. 23, 2012) ............................................................................ 5

*Demato v. LM Gen. Ins. Co.*,
2019 WL 7899141 (S.D. Fla. Aug. 14, 2019) ........................................................................ 6, 7

*Henkle v. Cumberland Farms, Inc.*,
2017 WL 5634947 (S.D. Fla. June 15, 2017) ............................................................................ 2

*Hylton v. Kaufman Lynn Constr., Inc.*,
2014 WL 1384417 (S.D. Fla. Apr. 9, 2014) ............................................................................... 5

*Lowery v. Ala. Power Co.*,
483 F.3d 1184 (11th Cir. 2007) .................................................................................................. 3

*Mgmt. Health Sys., Inc. v. Access Therapies, Inc.*,
2010 WL 5572832 (S.D. Fla. Dec. 8, 2010), *R&R adopted*, 2011 WL 98320
(Jan. 12, 2011) ........................................................................................................................ 4, 5

*Morrison v. Allstate Indem. Co.*,
228 F.3d 1255 (11th Cir. 2000) .................................................................................................. 6

*Mukamal v. Bakes*,
383 B.R. 798 (S.D. Fla. 2007) .................................................................................................... 2

*Parler LLC v. Amazon Web Servs.*,
No. 2:21-cv-0031-BJR, 2021 WL 210721 (W.D. Wash. Jan. 21, 2021) .................................... 1

*Pretka v. Kolter City Plaza II, Inc.*,
608 F.3d 744 (11th Cir. 2010) ................................................................................................ 3, 6

*Rad Source Techs., Inc. v. MDS (Canada), Inc.*,
2009 WL 4594403 (S.D. Fla. Dec. 1, 2009) .............................................................................. 6

*Roe v. Michelin N. Am., Inc.*,
613 F.3d 1058 (11th Cir. 2010) .............................................................................................. 3, 6

*Shear Healthcare Res., Inc. v. TNI, Inc.*,
1994 WL 383936 (M.D. Fla. July 15, 1994) .............................................................................. 3

*Sziranyi v. Allan R. Dunn, M.D., P.A.*,
  2009 WL 6613675 (S.D. Fla. Sept. 30, 2009), *aff'd*, 383 F. App'x 884 (11th
  Cir. 2010) ..................................................................................................................2

*Webb v. Citibank (S. Dakota), N.A.*,
  2011 WL 13228089 (S.D. Fla. Apr. 21, 2011) ....................................................................4, 5

*Whitmore v. Fed. Express Corp.*,
  2016 WL 11687416 (S.D. Fla. May 4, 2016) ...........................................................................3

*Zimmerman v. JPMorgan Chase Bank, N.A.*,
  2012 WL 12860983 (S.D. Fla. Apr. 12, 2012) .........................................................................3

**Statutes**

28 U.S.C. § 1332................................................................................................................................2

28 U.S.C. § 1441................................................................................................................................2

28 U.S.C. § 1446................................................................................................................................3

### I.   INTRODUCTION

Seeking to evade this Court's jurisdiction, Plaintiff Freedom Watch, Inc. ("Freedom Watch") moves for remand after amending its original Complaint to omit punitive damages. The Court should deny Freedom Watch's request because the amount in controversy is determined at the time of removal, a rule designed precisely to deter the kind of abusive litigation tactics Freedom Watch has adopted here. At the time of removal here, Freedom Watch sought compensatory and punitive damages amounting to more than $75,000. Moreover, the allegations in Freedom Watch's First Amended Complaint ("FAC") still meet the jurisdictional requirement, in that they seek compensatory damages and injunctive relief. Accordingly, diversity jurisdiction exists, and the Court should deny Freedom Watch's attempts to circumvent AWS's timely removal.

### II.   STATEMENT OF FACTS

On January 9, 2021, AWS informed social media service Parler LLC that AWS was suspending Parler's use of AWS's services to make Parler publicly available because Parler had failed to effectively identify and remove content that encourages violence, in violation of the parties' agreement. *See* Compl. ¶¶ 35, 38; FAC ¶¶ 35, 38. In response, Parler filed a complaint and moved for a temporary restraining order, which a federal court in Seattle denied. *See Parler LLC v. Amazon Web Servs.*, No. 2:21-cv-0031-BJR, 2021 WL 210721, at *1 (W.D. Wash. Jan. 21, 2021).

On January 19, 2021, Freedom Watch, a "non-profit political interest group," filed this lawsuit against AWS, Apple Inc., and Google LLC (the latter two of whom had removed the Parler mobile application from their app stores), alleging claims for tortious interference, apparently on the basis that these defendants prevented Freedom Watch from communicating with Parler's users. *See, e.g.*, Compl. ¶¶ 17-25, 38-41. Freedom Watch served defendants on February 16, 2021, *see* Dkt. 1 ("Notice") ¶¶ 5-7 & Exs. 1, 3, 4.

According to public records,[1] Freedom Watch is incorporated in the District of Columbia, where it also has its principal place of business. *See* Notice ¶ 16, Ex. 5. AWS is a citizen of Washington and Delaware, *id.* ¶ 17 (citing Compl. ¶ 6), and Google and Apple are citizens of California and Delaware, *id.* (citing Compl. ¶¶ 8, 11). The Complaint seeks "actual and compensatory damages in an amount greater than $15,000.00 but less than $75,000.00"; "preliminary and permanent injunctive relief" requiring AWS to "restore its web hosting services to PARLER"; and "punitive damages." Compl., Prayer for Relief.

On March 20, 2021, Freedom Watch filed the FAC, which omits the request for punitive damages, and a motion to remand, arguing that this newly filed pleading removes the Court's jurisdiction over this matter. *See* Dkts. 19 (FAC); 20 (Mot.).

### III.   ARGUMENT

A defendant may remove any civil action to federal court so long as the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1441(b), 1332(a). Freedom Watch alleges and agrees that the parties are citizens of different states. But it urges remand because "the amount in controversy does not rise to the level necessary (an amount exceeding the sum or value of $75,000, exclusive of interests and costs)," following its amendment of the complaint to remove the punitive damages request. *See* Mot. at 1. But federal courts measure the amount in controversy at the time of removal, not later. Moreover, Freedom Watch's demands for monetary and injunctive relief in the FAC are themselves sufficient to establish federal jurisdiction.

---

[1] The Court may take judicial notice of official state registries for purposes of determining the state of incorporation or principal place of business. *See Mukamal v. Bakes*, 383 B.R. 798, 818 n.21 (S.D. Fla. 2007); *Henkle v. Cumberland Farms, Inc.*, 2017 WL 5634947, at *3 n.10 (S.D. Fla. June 15, 2017); *Sziranyi v. Allan R. Dunn, M.D., P.A.*, 2009 WL 6613675, at *2 n.2 (S.D. Fla. Sept. 30, 2009), *aff'd*, 383 F. App'x 884 (11th Cir. 2010).

### A.     On Their Face, the Complaint's Allegations Support Federal Jurisdiction.

For diversity jurisdiction, "the sum demanded in good faith *in the initial pleading* shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (emphasis added). As such, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)). Accordingly, "[a] plaintiff cannot destroy removal jurisdiction by amending his complaint to allege an amount in controversy below the jurisdictional minimum." *See Shear Healthcare Res., Inc. v. TNI, Inc.*, 1994 WL 383936, at *2 (M.D. Fla. July 15, 1994) (citing *Serv. Fin. Corp. v. Coppard*, 116 F.2d 488, 489 (5th Cir. 1940)); *see also, e.g.*, *Whitmore v. Fed. Express Corp.*, 2016 WL 11687416, at *2 (S.D. Fla. May 4, 2016) (denying remand where plaintiff sought "to amend his Complaint post-removal to fall a mere $50.00 shy of the jurisdictional requirement for the amount in controversy" as an unacceptable "end-run around the removal statute, post-removal, which scenario courts have 'repeatedly held to be an insufficient basis for remand'") (quoting *Young v. Roy's Rest.*, 2006 WL 2024946, at *3 (M.D. Fla. July 17, 2006)).

Here, remand is improper because the Complaint sought more than $75,000 in relief, as Freedom Watch seemingly recognizes. *See* Mot. at 2 (FAC removes "any possible issue" concerning amount in controversy).

"If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (courts may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable") (quoting *Pretka*, 608 F.3d at 754); *Zimmerman v. JPMorgan Chase Bank,*

*N.A.*, 2012 WL 12860983, at *2 (S.D. Fla. Apr. 12, 2012) (Middlebrooks, J.) (citing *Roe*, 613 F.3d at 1061-62) (judge may "rely upon his judicial experience and common sense" in deciding whether complaint meets jurisdictional requirements).  Further, "[t]he amount in controversy is not ... the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be *put at issue* in the course of the litigation." *Webb v. Citibank (S. Dakota), N.A.*, 2011 WL 13228089, at *2 (S.D. Fla. Apr. 21, 2011) (Middlebrooks, J.) (citing *Pretka*, 608 F.3d at 751).  Finally, "[t]he Eleventh Circuit requires that district courts take punitive damages into account when assessing if the jurisdictional amount is met, and [Florida] state tort law provides that punitive damages are available for tortious interference claims." *Mgmt. Health Sys., Inc. v. Access Therapies, Inc.*, 2010 WL 5572832, at *5 (S.D. Fla. Dec. 8, 2010) (citing Fla. Stat. § 768.73 (providing for treble damages)), *R&R adopted*, 2011 WL 98320 (Jan. 12, 2011); *see also Callander v. Bellsouth Advert. & Publ'g Corp.*, 2007 WL 9701011, at *1 (S.D. Fla. Feb. 8, 2007) (for amount in controversy, "the Court must take into account not only compensatory damages claimed, but punitive damages as well.") (citing *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Here, the Complaint sought (1) "compensatory damages in excess of $15,000.00 but less than $75,000.00," Compl. ¶ 1; (2) "preliminary and permanent injunctive relief (i) requiring that … AWS restore its web hosting services to PARLER … and (ii) precluding a repetition of the irreparable harm … to … Plaintiff," *see id.* ¶¶ 63, 71; and (3) "an award of punitive damages," *id.* at 35—all based on allegations of tortious interference that occurred between January 11 and January 24, 2021.  Freedom Watch therefore claims that its actual and compensatory damages *from those two weeks alone* could be as much as $74,999.  Presumably, the value of any purported harm

4

in the six weeks[2] before removal necessarily exceed the necessary amount in controversy. In other words, according to Freedom Watch's own allegations, the amount in controversy at the time of removal was as much as $299,996.

Furthermore, when the Complaint's alleged damages are combined with a demand for punitive damages, the "Complaint indicates that the amount in controversy exceeds $75,000 in actuality." *See Callander*, 2007 WL 9701011, at *1 ("[w]hile Plaintiffs state in their Complaint that the amount in controversy is less than $75,000 per claim, a review of the factual allegations and claims therein indicates otherwise" because "Plaintiffs specify in their Complaint that they are seeking punitive damages"); *Mgmt. Health*, 2010 WL 5572832, at *5 (denying remand because "the $50,000 lost profit claim, when *combined with potential punitive damages*, clearly exceeds the jurisdictional amount") (emphasis in original); *Webb*, 2011 WL 13228089, at *3 ("The fact that Plaintiff seeks punitive damages … goes a long way toward convincing the Court that the amount in controversy threshold is met here, even resolving as this Court must all doubts in favor of the moving party."). Accordingly, AWS's removal was proper and this Court retains supplemental jurisdiction over any state-law claims.[3]

---

[2] Although Parler came back online by February 15, 2021, no reduction for this period is warranted, as Freedom Watch also seeks relief from Defendants Google and Apple, which Freedom Watch alleges have not restored access to the Parler app. *See* Compl. ¶¶ 77-80, 85-88, 94-97, 102-105; FAC ¶¶ 77-80, 85-88, 94-97, 102-105.

[3] *See, e.g.*, *Castilla v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2012 WL 1409648, at *2 (S.D. Fla. Apr. 23, 2012) (denying remand because, "[a]lthough [SAC] only alleges losses in excess of $25,000, 'subsequent events that reduce the amount recoverable—such as the plaintiff's amendment of the complaint—will not defeat the federal court's subject-matter jurisdiction'") (citation omitted); *Hylton v. Kaufman Lynn Constr., Inc.*, 2014 WL 1384417, at *2 (S.D. Fla. Apr. 9, 2014) (denying remand because "even though Plaintiff has dropped his federal claim, the Court still has supplemental jurisdiction over Plaintiff's new state law claim").

### B. The FAC, Too, Establishes Federal Jurisdiction.

Even absent the punitive damages request, the FAC (and Complaint) also establish jurisdiction. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'" *Roe*, 613 F.3d at 1061 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). While "[d]efendants may introduce their own affidavits, declarations, or other documentation" to show that a plaintiff's demand necessarily exceeds the amount in controversy, *Pretka*, 608 F.3d at 755, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *id.* at 754. *See also Demato v. LM Gen. Ins. Co.*, 2019 WL 7899141, at *3 (S.D. Fla. Aug. 14, 2019) (Middlebrooks, J.) ("the amount-in-controversy inquiry does not require [the Court] to determine whether Plaintiff is likely to recover $75,000 or more; instead, 'it is an estimate of the amount that will be put at issue in the course of the litigation'") (citation omitted).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citation and internal quotation marks omitted). That does not, however, mean the Court must credit a plaintiff's conclusory statements that it seeks less than the jurisdictional amount. *See Rad Source Techs., Inc. v. MDS (Canada), Inc.*, 2009 WL 4594403, at *2 (S.D. Fla. Dec. 1, 2009) (denying remand and finding the amount in controversy to be "far in excess of $75,000" given the requested injunctive relief, "[d]espite Plaintiff's bare assertion that the value of its rights to be protected is less than $75,000").

The FAC, like the Complaint, demands injunctive relief that it alleges is necessary to avoid repetition of the harm it allegedly suffered, *see* Compl. ¶¶ 63, 71; FAC ¶¶ 63, 71—namely, "[t]he pecuniary value of [Plaintiff's] lost future fundraising, as well as the harm to its reputation and

6

goodwill," Compl. ¶ 62; FAC ¶ 62.  Here, the value of a permanent injunction to Plaintiff—which would require AWS to resume providing cloud services to Parler, give Freedom Watch its preferred platform for fundraising in perpetuity, vindicate and promote its reputation, and restore its "participation in vital public debate relating to current events and … dissemination of its message to concerned American citizens and others around the world," *see* Compl. ¶ 68; FAC ¶ 68—clearly is more than required to put more than $75,000 in controversy.  Accordingly, especially when combined with Plaintiff's alleged *past* monetary harms, the FAC also puts the amount in controversy at greater than $75,000.  *See Demato*, 2019 WL 7899141, at *3 ("Given these allegations [of 'life-altering injuries' and 'significant hardship'], it is reasonable to assume that the amount at issue in this litigation will exceed the actual costs of Plaintiff's healthcare.").  So even if the Court looks at the FAC only, remand is unwarranted as the amount in controversy exceeds $75,000.

## IV.  CONCLUSION

      For these reasons, AWS respectfully requests that the Court deny Freedom Watch's motion for remand.

Dated: April 5, 2021

Respectfully submitted,

*s/Brian W. Toth*
GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth (Florida Bar No. 57708)
Natalia B. McGinn (Florida Bar No. 1011385)
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: 305-728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman (*pro hac vice*)
Meenakshi Krishnan (*pro hac vice*)
1301 K Street, N.W., Suite 500 East
Washington, DC 20005
Telephone:(202-973-4200

7

laurahandman@dwt.com
meenakshikrishnan@dwt.com

Alonzo Wickers IV (*pro hac vice*)
Cydney Swofford Freeman (*pro hac vice*)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: 213-633-6800
alonzowickers@dwt.com
cydneyfreeman@dwt.com

Ambika Kumar Doran (*pro hac vice*)
Caesar Kalinowski IV (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-622-3150
ambikadoran@dwt.com
caesarkalinowski@dwt.com

*Counsel for Defendant Amazon Web Services, Inc.*